IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA WARD,                                    )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )        Civil Action No.:
                                                )
RAYMOND JAMES FINANCIAL, INC.                   )
                                                )
        Defendant.                              )
_____)

## COMPLAINT

COMES NOW the Plaintiff, PAMELA WARD, ("PLAINTIFF"), and files this Complaint against Defendant, RAYMOND JAMES FINANCIAL, INC., ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.  This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

2.  At all relevant times, PLAINTIFF, who is a black female, was a citizen and resident of Florida.

3.  At all material times, DEFENDANT was a Florida corporation that provided financial services in St. Petersburg, Florida, which is where PLAINTIFF was employed at all material times.

## BACKGROUND

4.      DEFENDANT hired PLAINTIFF on or about February 5, 2007, to work as a financial analyst and PLAINTIFF held that position until DEFENDANT terminated her in October 2019.

5.      At all relevant times, PLAINTIFF was qualified to perform her job while employed by DEFENDANT.

6.      At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 42 U.S.C. §§ 12101, *et seq.*

8.      As of her termination, PLAINTIFF applied for at least 20 transfers or promotions to different jobs with DEFENDANT, all of which PLAINTIFF was qualified to perform. However, DEFENDANT passed her over for these positions in favor of white men and women who were less qualified than PLAINTIFF.

9.      On or about August 13, 2019, PLAINTIFF e-mailed Christopher Wiegand, DEFENDANT'S vice-president (white male) and complained that she was not being considered for a promotion to the position of Supervisor of Packaged Products.  In this e-mail, she stated in part:  "And who is going to fill this position, another unqualified white guy?"

10.     Subsequently, DEFENDANT accused PLAINTIFF of falling behind on a task called UIT chargebacks and gave her a deadline of October 25, 2019, to bring current all of her UIT reviews.

11.     PLAINTIFF successfully brought current all of her UIT reviews by October 21, 2019.

Despite this, DEFENDANT terminated PLAINTIFF two days later.

12. Upon information and belief, at least one white male was behind on his UIT reviews but was not disciplined.

13. All conditions precedent to this action have occurred and this action is timely brought within 90 days of PLAINTIFF'S receipt of a Right to Sue letter.

## COUNT I
## TITLE VII-RACE DISCRIMINATION

14. Paragraphs 1 through 13 are hereby incorporated by reference as though fully set forth herein.

15. PLAINTIFF is a member of a protected class and DEFENDANT knew PLAINTIFF is a member of a protected class.

16. PLAINTIFF was subjected to an adverse employment action by DEFENDANT.

17. The reason DEFENDANT terminated PLAINTIFF was her race, or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## TITLE VII-GENDER DISCRIMINATION

18. Paragraphs 1 through 13 are hereby incorporated by reference as though fully set forth herein.

19.    PLAINTIFF is a member of a protected class and DEFENDANT knew PLAINTIFF is a member of a protected class.

20.    PLAINTIFF was subjected to an adverse employment action by DEFENDANT.

21.    The reason DEFENDANT terminated PLAINTIFF was her gender, or at the very least, PLAINTIFF'S gender was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## TITLE VII-RETALIATION

22.    Paragraphs 1 through 13 are hereby incorporated by reference as though fully set forth herein.

23.    PLAINTIFF engaged in protected activity when she complained that unqualified white male workers were being promoted over her.

24.    PLAINTIFF suffered an adverse employment action when DEFENDANT terminated her.

25.    Upon information and belief, DEFENDANT terminated PLAINTIFF because she complained of discrimination.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-

judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT-RACE DISCRIMINATON**

26.    Paragraphs 1 through 13 are incorporated by reference.

27.    PLAINTIFF was a member of a protected group and at all times she was qualified for the position she held while working for DEFENDANT.

28.    DEFENDANT took adverse employment actions against and ultimately terminated PLAINTIFF because of her race or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate her.

29.    As a result of losing her job, PLAINTIFF has suffered embarrassment, humiliation, mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, attorney fees and costs of litigation, punitive damages, damages for emotional distress, embarrassment and humiliation, and other relief by reason of DEFENDANT'S violation of the Florida Civil Right Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT V**
**FLORIDA CIVIL RIGHTS ACT-GENDER DISCRIMINATON**

30.    Paragraphs 1 through 13 and 19 through 21 are hereby incorporated by reference as though fully set forth herein.

31.    As a result of losing her job, PLAINTIFF has suffered embarrassment, humiliation,

mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Civil Rights Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT-RETALIATION

32.    Paragraphs 1 through 13 and 23 through 25 are hereby incorporated by reference as though fully set forth herein.

33.    As a result of losing her job, PLAINTIFF has suffered embarrassment, humiliation, mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason

of DEFENDANT'S violations of the Florida Civil Rights Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:   November 3, 2021

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF